UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE E-MAIL ACCOUNT SERVICED BY OATH HOLDINGS INC. | ML No. 21-ml-875 |

*Reference:*   *DOJ Ref. # CRM-182-72551; Subject Account: whiterowdonald@yahoo.com*

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters signed at the Hague on 12 June 1981, Neth.-U.S., Sept. 29, 2004, S. TREATY DOC. NO. 109-13 (2006) (hereinafter, the "Agreement"), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Kingdom of the Netherlands ("the Netherlands"). The proposed Order would require Oath Holdings Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Sunnyvale, California, to disclose certain records and other information pertaining to the PROVIDER account associated with whiterowdonald@yahoo.com, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order. The records and other information to be disclosed are

described in Part II of Attachment A to the proposed Order. In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.  PROVIDER is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Accordingly, the United States may use a court order issued under § 2703(d) to require PROVIDER to disclose the items described in Part II of Attachment A. *See* 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.  Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed Order. *See* Agreement Annex art. 12 (authorizing courts to issue orders necessary to execute the request). In addition, this Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. 18 U.S.C. § 2703(d). Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.] section 3512." 18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue "a warrant or order for contents of stored wire or electronic communications or for records related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia").

3.  Section 3512 provides:

    > Upon application, duly authorized by an appropriate official of the Department of Justice, of an attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1). This application to execute the Netherlands's request has been duly authorized by an appropriate official of the Department of Justice, through the Criminal Division, Office of International Affairs,[1] which has authorized execution of the request and has delegated the undersigned to file this application. The undersigned has reviewed the request and has confirmed that it was submitted by authorities in the Netherlands in connection with a criminal investigation and/or prosecution.

4. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that . . . the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.

## RELEVANT FACTS

5. Authorities in the Netherlands are investigating E. Eekhof ("Eekhof") and others for unauthorized weapons and ammunition offenses, which occurred from at least September 26, 2018 until September 25, 2019, in violation of the criminal law of the Netherlands, specifically, Articles 9, 13, 14, 26, and 55 of the Weapons and Ammunition Act and Article 225 of the Criminal Code. A copy of the applicable laws is appended to this application. The United States, through the Office of International Affairs, received a request from the Netherlands to

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters. *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

provide the requested records to assist in the criminal investigation and/or prosecution. Under the Agreement, the United States is obligated to render assistance in response to the request.

6.  According to authorities in the Netherlands, on September 17, 2019, customs authorities seized a postal package addressed to Eekhof from D. Witherow ("Witherow"). The package was described as "Hiking Pack" and "Camping Pack." The package contained: sixty-one bullet cartridges, 9mm Luger; fifty-seven bullet cartridges, .223 Remington; twenty-three bullet cartridges, Winchester .223 Remington; two cartridge holders intended for automatic firearms; and three Glock cartridge holders.

7.  On September 25, 2019, Dutch authorities arrested Eekhof and searched his residence. Investigators seized a self-made revolver, silencer, a manual entitled "The DIY Sheet Metal Self-Loading Pistol," several digital carriers, and a red mold of a Polymer 80 Glock 19.

8.  Investigators examined Eekhof's phone. His phone contained a photo sent on June 28, 2019, of a woman holding an automatic firearm. The woman was subsequently identified by Dutch authorities as A. Digman ("Digman"). The phone also contained video dated June28, 2019, that showed Eekhof unpacking a package. It appeared to Dutch authorities that parts of the automatic weapon were included in the package. Eekhof tells the person making the video that the weapon has not been used, because if it had the dogs would have smelled it. While unpacking Eekhof said: "This is what I will probably give away to [E], so he will get crazy."[2] Dutch authorities subsequently identified "E" as E. Van Der Linden ("Van Der Linden"). Various parts of the weapon were removed from the box and placed on the table. The video discussing "E" was recorded at Eekhof's residence. The video from Eekhof's phone was found in his WhatsApp folder. On July 2, 2019, a phone called was placed to 06-xxxxx924,

---

[2] Eekhof's original comment included the full first name of "E" but did not include a last name.

which is stored in the phone under Van Der Linden.

9. Examination of Eekhof's tablet established he regularly received packages from Witherow. The packages contained weapons and/or ammunition. Eekhof made payments to Witherow through Gwk Travelex, a money exchange office. GWK Travelex records established the following payments were made to Witherow:

| | |
|---|---|
| September 26, 2018 | EUR 102.00 (approximately USD 119) |
| October 13, 2018 | EUR 669.00 (approximately USD 777) |
| October 19, 2018 | EUR 250.33 (approximately USD 291) |
| July 8, 2019 | EUR 808.00 (approximately USD 939) |
| September 9, 2016 | USD 55.15 |

10. The tablet also contained photos sent via WhatsApp on October 8, 2018, of a postal package originating from Witherow addressed to Eekhof. The contents of the package were identified as a bar caddy, bar matt, eight shot glasses, and a bottle opener. The contents of the package reasonably matched the goods shown in the photo. Photos were sent from different sides of the package. Investigators suspect pictures of the package were taken from multiple angles to show that it was not opened by customs. Later on, October 8, 2018, another photo was sent with a picture of a lower receiver. The WhatsApp folder on Eekhof's phone contained a photo that was sent via WhatsApp on July 2, 2019, of two opened lower receivers. According to open sources, a receiver is "[t]hat part of a firearm which provides housing for the hammer, bolt or breechblock, and firing mechanism, and which is usually threaded at its forward portion to receive the barrel." *See*, ATF eRegulations, 27 CFR Part 478, §478.11, https://atf-eregs.18f.gov/478-11/2019-24570#478-11-p2403320526 (last visited October 3, 2021).

11. Investigators surmise that the WhatsApp photos of the postal packages with Witherow's name and postal address indicates Eekhof and Witherow were communicating through WhatsApp. The phone number +18144037087 was saved in Eekhof's phone under

Witherow's name, leading investigators to conclude that Witherow's phone number is also his WhatsApp account number. The same number is also listed on Witherow's postal packages.

12. Investigators also found an e-mail account in Eekhofs' phone that is believed to belong to Witherow. The e-mail address **whiterowdonald@yahoo.com** was found in a received WhatsApp picture of an August 14, 2019, order from 5Dtactical, order #5017009. A Dutch investigator viewed the website www.5dtactical.com and determined the online shop sold weapons. The website also displayed a red mold for weapons similar to the one found in Eekhof's residence and in his WhatsApp videos.

13. According to a weapons expert of The Hague Police Unit, the weapons and weapon parts depicted in the photos are arms or weapon parts of a semi-automatic weapon AR 15 and a Glock 17.

14. On November 13, 2019, Dutch authorities interviewed Eekhof. According to Eekhof, from the end of 2018 he received three packages of weapons from Witherow from the United States. The weapons are an AR 15 and a Glock 19, that Eekhof assembled. The last package, which customs intercepted, was a gift from Witherow. The ammunition included in the last package is the ammunition that goes with the weapons. Eekhof paid Witherow through Western Union bank.

15. Dutch authorities are seeking records to determine if Eekhof and Witherow were using varying means of communication to facilitate the sale and transfer of weapons and ammunition into the Netherlands, including via encrypted messages, e-mails, and phone calls. Dutch authorities are requesting non-content records for the Yahoo! e-mail account associated with **whiterowdonald@yahoo.com**. Yahoo! accounts are serviced by PROVIDER.

6

## **REQUEST FOR ORDER**

16. The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation. Specifically, these items will help authorities in the Netherlands determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: /s/ Tracy M. Johnson
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 800
Washington, D.C. 20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

**Relevant Provisions of the Weapons and Ammunition Act
and the Criminal Code of the Netherlands**

Article 9 Weapons and Ammunition Act

1. Unless recognition has been obtained, it is prohibited to manufacture or transform a weapon or ammunition, or to exchange, rent, or otherwise make available, repair, test or trade a weapon or ammunition by way of business.

2. The police chief in the place where the applicant resides has competence to grant or withdraw recognition, and to extend the duration thereof.  Recognition shall be valid for a maximum of five years and is renewable by a maximum of five years each time.

3. Recognition relates solely to the actions mentioned therein, the types of weapons and ammunition and business units.  If the actions are performed in the context of running a business, the scope of recognition shall also include the manager.

……

Article 13 Weapons and Ammunition Act

1. It is prohibited to manufacture, transform, repair for third parties, transfer, possess, carry, transport, import or export any category I weapon.

……

Article 14 Weapons and Ammunition Act

1. It is forbidden to enter or exit a weapon or ammunition of category II or III without a permit or to alter the destination indicted upon entry of such weapons or ammunition without permission.[1]

---

[1] In the Netherlands, prohibited weapons are divided into four categories.  The information regarding permits for weapons and ammunition contained in this application, specifically the reference to Article 2 of the Weapons and Ammunition Act, was obtained from the Dutch government website Business.gov.nl, as provided by the Netherlands Enterprise Agency, RVO.

Article 2

1. Weapons withing the meaning of this Act are the objects listed below or designated in accordance with this paragraph, subdivided into the following categories.
…..
    Category II

1°    firearms that do not fall under any of the other categories;
2°    firearms capable of automatic firing;
3°    firearms that have been manufactured or modified in such a way that the carrying is not or less visible or that the attack power is increased;

…..

Article 26 Weapons and Ammunition Act

1. It is forbidden to possess a weapon or ammunition of category II or III.

…..

Article 55 Weapons and Ammunition Act

1. A person acting contrary to:
   Article 9, first paragraph, 13, first paragraph, 22, first paragraph, 26, first paragraph or 31, first paragraph shall be liable to a term of imprisonment of not more than nine months or a fine of the fourth category.

2. A person acting contrary to:
   Article 14, first paragraph, shall be liable to a term of imprisonment of not more than nine months or a fine of the fourth category.

3. A person acting contrary to:
   a. Articles 9, first paragraph, 14, first paragraph, 26, first paragraph or 31, first paragraph and commits an offense related to a weapon belonging category II, or a firearm belonging to category III;

4. A person acting contrary to:
   Article 9, first paragraph 13, first paragraph, 14, first paragraph, 26, first paragraph or 31, first paragraph, makes a profession or a habit out of illegally manufacturing, transforming, exchanging, renting or otherwise making available, repairing, testing or commercially trading weapons or ammunition, shall be liable to a term of imprisonment of not more than eight years or a fine of the fifth category.

…..

---

4°   firearms that outwardly resemble any object other than a weapon;…

   Category III

1°   firearms in the form of rifles, revolvers and pistols insofar as they do not fall under category II sub 2°, 3° or 6°; ….

*See*, Business.gov.nl, *Government information for entrepreneurs*, https://business.gov.nl/regulation/permit-weapons-and-ammunition/ and https://wetten.overheid.nl/BWBR0008804/2020-01-01/#Paragraaf1_Artikel2 (last visited October 4, 2021).